[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Cecelia M. Langevin, age 56, whose maiden name was Cecelia Farezoco, and the defendant, Paul A. Langevin, age 46, were married on December 20, 1975 at Winsted, Connecticut. This is the second marriage for the defendant and the first for the plaintiff. There are no minor children issue of the marriage.
At the time the parties met, the plaintiff was 34 years old and the defendant age 24. The defendant was married but separated from his first wife. She was living in an apartment in Winsted. There was concern about the age difference, but the plaintiff loved the defendant and they married in 1975 and the husband moved into her apartment in Winsted. At the time of the marriage, both parties were employed.
The marriage was without difficulty the first year, but thereafter there were complaints by the husband that his wife was not working full time. In the third year, the defendant had an affair which he admitted, staying away from home one week. The parties reconciled as the wife took the defendant back into the home. Four years later, the defendant had another affair which he also admitted but again the parties reconciled. In November 1994 the plaintiff noticed that personal belongings of the defendant were missing from the home. He left the home in December 1994 and since that time has been living with Joan Pelletier.
The defendant claims that a major problem in the marriage is the failure of the plaintiff to maintain full time employment. She has, however, sewed, cleaned homes and been trained as a hair CT Page 14116 dresser. Until recently, she worked full time at the Torrington Company and hopes to return. The plaintiff ascribes the breakdown to the defendant's affairs, his failure to help around the house and continual arguments over money. Based upon the evidence, the court finds that the major cause of the breakdown rests with the defendant.
Approximately eleven and a half years ago the parties purchased a Cape Cod home located at 61 Crestwood Road in Torrington. It is valued at $132,000.00 and is subject to a mortgage of $102,000.00. The home is three quarters complete and much of the work has been done by the plaintiff.
The defendant is employed as an electronic technician earning $40,000.00 per year at $769.00 per week. At the present time the plaintiff is unemployed but hopes to return to full time employment after the first of the year. The defendant shows debts on his financial affidavit of $25,990.00 and the plaintiff $7,700.00. Some of her debts are the result of an automobile accident in which she sustained personal injuries including an injury to her cervical spine, lower back and teeth. These injuries interfere with her ability to sit or stand for extended periods of time.
Based upon the evidence, the cause of the breakdown, the length of the marriage, the health of the parties, their employability, and age, the court finds that the marriage has broken down irretrievably and that the following orders should enter:
1. A decree of dissolution of the marriage based upon irretrievable breakdown.
2. The defendant shall transfer all his interest in the marital residence located at 61 Crestwood Road in Torrington, Connecticut to the plaintiff. The plaintiff shall hold the defendant harmless on the mortgage currently encumbering said residence.
3. The defendant shall pay to the plaintiff the amount of $125.00 per week until her death or remarriage. Said alimony shall be paid directly to the plaintiff via wage withholding so long as he is employed and directly to the plaintiff thereafter.
4. The plaintiff shall retain the 1988 Oldsmobile Cutlass currently in her possession, and the defendant shall retain the CT Page 14117 1993 GMC truck currently in his possession holding the plaintiff harmless on the $10,000.00 truck loan.
5. The parties shall each retain those items of personal property currently in their possession.
6. The parties shall own one hundred percent (100%) of those bank accounts which they currently hold in their names solely. The defendant shall name the plaintiff beneficiary on a life insurance policy in the face amount of $100,000.00 so long as he is obligated to pay alimony to the plaintiff.
7. The defendant shall retain the value of his existing 401k with the Robert E. Morris Co. in the approximately amount of $3,224.00 and his IRA with Shawmut Bank in the approximately amount of $5,922.00.
8. The parties shall each remain responsible for those debts listed on their respective financial affidavits. The Sears Home Improvement debt int he approximately amount of $5,102.00 shall be the sole responsibility of the defendant and he shall further hold the plaintiff harmless thereon.
9. The defendant shall convey to the plaintiff 50% of his retirement from the United States Air Force. A Qualified Domestic Relations Order or other appropriate order shall be prepared and submitted to the court in order to effectuate the intent of this paragraph. The court shall retain jurisdiction over said QDRO. The defendant shall agree to execute any and all documentation necessary in order to effectuate said transfer.
10. Any settlement from plaintiff's personal injury case shall be hers alone, and the defendant shall have no right to any part of said proceeds.
11. The defendant shall pay to the plaintiff attorney's fees in the amount of $1,000.00, payable at the rate of $100.00 per month commencing January 15, 1996.
12. The defendant shall pay the plaintiff's COBRA coverage for two (2) years.
13. The parties shall split the income tax refund for 1994 equally. CT Page 14118
14. The defendant shall pay to the plaintiff $374.05 for automobile insurance as previously ordered by the court within 30 days.
Pickett, J.